FILED & ENTERED

FEB 16 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY craig    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

In re:

MA KAZAZ

Debtor.

NextGear Capital, Inc.

Plaintiff,

v.

MA KAZAZ

Defendant.

Case No.: 6:20-bk-13807-SC

CHAPTER 7

Adv No: 6:20-ap-01153-SC

**ORDER ENTERING JUDGMENT IN FAVOR OF DEFENDANT**

Trial
Date:    February 10, 2022
Time:    10:00 AM
Courtroom: 126

On February 10, 2022, a trial was held in the above-captioned adversary proceeding. Tom Normandin, Esq., appeared for the Plaintiff, Next Gear Capital, Inc., and Lofty Mirch, Esq., appeared for the Defendant, Ma Kazaz.

After considering the arguments of counsels and all evidence admitted at the trial, and for the reasons more fully explained by the Court both orally at the end of the

-1-

trial[1] and in this Order, the Court enters judgment against the Plaintiff and in favor of the Defendant as to all causes of action.

### I. The Court did not permit the reading into the record at trial of any portion of the May 24, 2021 Deposition Transcript of the Defendant, and further did not permit the Transcript to be part of the record.

At trial, the Plaintiff sought to read excerpts of a May 24, 2021, deposition transcript of the Defendant into the record. The Court directed several inquiries to the Plaintiff, including whether the portions of the deposition transcript sought to be read into the record had been properly marked (i.e., bracketed), filed with the Court, and served on the Defendant. The Plaintiff confirmed that none of these procedures had been accomplished. This was a significant violation of our local bankruptcy rules.

Local Bankruptcy Rule 7030-1(b) reads in its entirety (**with bolded emphasis added by the Court**):

> *(b) LBR 7041-1 Use of Deposition Evidence in Contested Hearing or Trial. Unless otherwise ordered by the court, each party intending to offer any evidence by way of deposition testimony pursuant to F.R.Civ.P. 32 and F.R.Evid. 803 or 804 **must***:
>
> *(1) Lodge the original deposition transcript and a copy pursuant to this rule with the clerk at least 7 days before the hearing or trial at which it is to be offered;*
>
> *(2) **Identify on the copy of the transcript the testimony the party intends to offer by bracketing in the margins the questions and answers that the party intends to offer at trial.** The opposing party must likewise countermark any testimony that it plans to offer. The parties must agree between themselves on a separate color to be used by each*

---

[1] At the conclusion of trial, this Court orally placed its ruling in favor of the Defendant and against the Plaintiff on the record. This Order further supplements the Court's ruling and provides further amplification and explanation for the Court's decision in favor of the Defendant. This Order incorporates by reference all of the findings of fact and conclusions of law orally stated on the record at trial into this Order.

*party which must be used consistently by that party for all depositions marked in the case;*

*(3) Mark objections to the proffered evidence of the other party in the margins of the deposition by briefly stating the ground for the objection; and*

***(4) Serve and file notice of the portions of the deposition marked or countermarked by stating the pages and lines so marked, objections made, and the grounds indicated therefor. The notice must be served and filed within 7 days after the party has marked, countermarked, or objects to the deposition evidence.***

Moreover, this Court also received an objection by the Defendant during trial regarding the Plaintiff's use of the deposition transcript on the basis that, notwithstanding a stipulation between the parties at the conclusion of the deposition regarding transmission of the deposition transcript to the Defendant by the reporting service, according to the Defendant, no copy of the deposition transcript was ever delivered to the Defendant for review or correction. The Court inquired what evidence could be presented by the Plaintiff to refute such an allegation of non-delivery, and the response was "none."

The Ninth Circuit clearly recognizes that "one of the principal goals of the discovery rules" is "preventing trial by ambush and surprise." *Brandon v. Mare-Bear, Inc.*, 2000 U.S. App. LEXIS 12585, at *11 (9th Cir. 2000); *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) ("The Federal Rules of Civil Procedure contemplate ... full and equal discovery ... so as to prevent surprise, prejudice and perjury' during trial.") (internal citations omitted).

Thus, the Court, for all of the reasons stated above and orally on the record, disallowed the Plaintiff's reading into the record of the deposition transcript, and its admission into the trial record.

//

## II. Standards for Exception to Discharge Under Section 523(a).

Simply for judicial regularity and avoidance of doubt, the provisions of the § 523(a) exceptions to discharge should be construed narrowly. *See, e.g., Hawkins v. Franchise Tax Bd.*, 769 F.3d 662, 666 (9th Cir. 2014); *Sachan v. Huh (In re Huh)*, 506 B.R. 257, 267 (B.A.P. 9th Cir. 2014). Exceptions to dischargeability under § 523(a) must be proven by the creditor by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286 (1991). *Also see Israel v. Wolf (In re Wolf),* 577 B.R. 327 (C.D. Cal 2017).

## III. The 11 U.S.C. Section 523(a)(2)(A) Cause of Action.

11 U.S.C. § 523(a)(2)(A) excepts from discharge any debt "to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). A creditor's claim of nondischargeability based on § 523(a)(2)(A) must satisfy five elements: (1) the debtor made false statement, fraudulent omission, or engaged in deceptive conduct; (2) the debtor knew the representation or conduct to be false or deceptive; (3) the debtor made the representation or engaged in conduct with the intent to deceive the creditor; (4) the creditor justifiably relied on the representation or conduct; and (5) the creditor sustained damage resulting from its reliance on the debtor's representation or conduct. *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman),* 234 F.3d 1081, 1085 (9th Cir. 2000).

The oral findings and conclusions of the Court made on the record clearly and concisely set out the Court's determination that the Plaintiff's section 523(a)(2)(A) cause of action fails for numerous stated reasons.[2] They are incorporated here and will not be

---

[2] For instance, the Plaintiff presented no evidence of specific misrepresentations, deceptive conduct, or omissions by the Defendant. With respect to deceptive conduct, the Court finds that the Plaintiff presented inadequate linkage between the Non-sufficient funds (NSF) and Stop Payment charges on the bank accounts of the Debtor's company (i.e., Kar Max, a California corporation) and the payments made to the Plaintiff, and further that no evidence was presented indicating deceptive conduct with respect to the charges, even if such conduct was connected to payments made to the Plaintiff. Further, the Court notes that contrary to the Plaintiff's repeated arguments that the Defendant was the only signator on the Debtor's company's accounts, the testimony from the Plaintiff's own witness was that the Defendant's brother was also a signator on the account for an unspecified period of time. The Plaintiff failed to elicit testimony regarding when the Defendant's brother was on the account, and when the Defendant's brother was removed from the account, despite the ownership and control of the account being an important

repeated. Insufficient evidence was presented to satisfy the elements required for the Court to enter judgment in favor of Plaintiff.

**IV.     The 11 U.S.C. Section 523(a)(4) Causes of Action.**

Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The Court made extensive inquiries to Plaintiff's counsel regarding the section 523(a)(4) cause of action, and the scope of evidence presented by the Plaintiff. After inquiry, it was determined by the Court that the particular elements of the causes of action sought to be proven by the Plaintiff were the "embezzlement" and "larceny" provisions of section 523(a)(4), and not the "fiduciary capacity" provisions.[3]

The Court asked the Plaintiff's counsel for the legal standards to be utilized by the Court in determining whether embezzlement or larceny could be made applicable to the evidence provided to the Court in support of a judgment of non-dischargeability on those grounds. The Plaintiff's counsel cited California Penal Code 504(b) for embezzlement, and California Penal Code 484 for larceny. However, federal law, not state law, controls the definitions of embezzlement and larceny for purposes of section 523(a)(4).

Under federal law, embezzlement in the context of nondischargeability requires three elements: "(1) property rightfully in the possession of a nonowner; (2) nonowner's appropriation of the property to a use other than which [it] was entrusted; and (3) circumstances indicating fraud. *First Del. Life Ins. Co. v. Wada (In re Wada),* 210 B.R. 572, 576 (9th Cir. BAP) 1991. The Plaintiff's allegations regarding embezzlement refer to the Plaintiff's secured interest in actual automobiles allegedly sold or otherwise dispersed, and not the funds collected by Kar Max from the buyers[4], or the funds sent directly to an automobile auction company (no evidence was presented that the

---

issue underlying the Plaintiff's allegations.

[3] The phrase "while acting in a fiduciary capacity" in § 523(a)(4) does not qualify the terms "embezzlement" or "larceny." *In re Littleton,* 942 F.2d 551, 555 (9th Cir. 1991).

[4] There is no indication, allegation, or evidence that Kar Max was required to hold the purchase funds in a segregated account that could be considered property "in possession of a non-owner."

Defendant ever possessed these funds). This notion arises by the introduction by testimony that the Plaintiff's representative actually visited the Kar Max business location, looked for the cars (didn't find the cars), and asked the landlord some questions. No police report was presented to the Court, and no evidence of any further searching for the cars was presented to the Court. Since these automobiles were never entrusted to Kar Max (or the Defendant) by the Plaintiff, no embezzlement occurred.

Additionally, the Plaintiff's allegations of larceny are unsupported by the evidence presented. A larceny claim under § 523(a)(4) excepts from discharge any debt where a debtor wrongfully and fraudulently took the property of another with intent to convert such property to the taker's use without the consent of the owner. *Lucero v. Montes*, 177 B.R. 325, 331 (Bankr. C.D. Cal. 1994) ("Larceny is distinguished from embezzlement in that the original taking of the property was unlawful.") (Compare with embezzlement which is defined as "the fraudulent appropriation of property by a person to whom such property has been [e]ntrusted or into whose hands it has lawfully come." *Wada,* 210 B.R. at 576 (B.A.P. 9th Cir. 1997).) According to the Plaintiff's evidence, the Defendant's corporation was in lawful possession of certain automobiles allegedly at the time of the transactions pertinent to this case. Thus, larceny is not demonstrated by the evidence before the Court.

**V.    The 11 U.S.C. Section 523(a)(6) Cause of Action**

Section 523(a)(6) excepts from discharge any debt of the debtor "for willful or malicious injury to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Under § 523(a)(6), a debtors' actions would need to be both "willful and malicious" within the meaning of the Code. *See Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 711 (9th Cir. 2008) (requiring the application of a separate analysis for each prong of "willful" and "malicious").[5]

The first step of this inquiry is whether there is "willful" injury, which must entail a

---

[5] Whether a debtor's conduct is willful and malicious under § 523(a)(6) is a question of fact reviewed for clear error. *Banks v. Gill Distrib. Ctrs., Inc. (In re Banks),* 263 F.3d 862, 869 (9th Cir. 2001).

deliberate or intentional injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998). In the Ninth Circuit, the intent required to be considered "willful" is either the subjective intent of the actor to cause harm or the subjective knowledge of the actor that harm is substantially certain to occur. *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1144-45 (9th Cir. 2002). A debtor is charged with knowledge of the natural consequences of their actions. *Ormsby v. First Am. Title Co. (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010).

The second step of the inquiry is whether the debtors' conduct was "malicious." The relevant test for such "malicious" conduct is: 1) a wrongful act; 2) done intentionally; 3) which necessarily causes injury; and 4) without just cause and excuse. *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1105-1106 (9th Cir. 2005).

The Court lacks sufficient evidence from any source to determine whether the Defendant's conduct was willful or malicious. The Plaintiff did not produce admissible evidence indicating the subjective motive of the Defendant to inflict injury, or that the Defendant acted with a belief that injury was substantially certain to result from the conduct. Further, the Plaintiff produced no evidence sufficient for this Court to determine that the Defendant intentionally committed a wrongful act which caused injury and was done without just cause or excuse. Had the Plaintiff called the Defendant to testify under oath, perhaps these failures could have been remedied – willfulness and malice, while difficult at times to prove, are not difficult to discern in the hands of a skilled examination or cross-examination under oath.[6]

Accordingly, with respect to section 523(a)(6), the Court must find for the Defendant under these circumstances.

//
//
//

---

[6] The Defendant was not called to testify by his counsel, and the Defendant rested at the close of the Plaintiff's case. The Plaintiff arranged for an Arabic translator to be present during the May 24, 2021 deposition of the Defendant – nearly a year before the trial. This suggests to the Court that the Plaintiff was well aware at the time of trial that the Defendant spoke little English. An Arabic translator could have been (but was not) procured by the Plaintiff for an examination of the Defendant at trial.

**VI.     Conclusion.**

For all of the above reasons, and those stated on the record by the Court during the trial, judgment is entered for the Defendant on all causes of action.

IT IS SO ORDERED.

Date: February 16, 2022

Scott C. Clarkson
United States Bankruptcy Judge